―――――o―――――

No. 5764.

## EGAN BROTHERS vs. F. RIVERS RICHARDSON.

### Syllabus.

1. The obligation to record a lien arises only from the time the lien itself comes into existence, and no lien or claim for street paving exists until the work be finished and accepted, and a certificate be issued therefor.

2. The object of the law in requiring a petition for street paving to be advertised and making it mandatory on the City Council to act in accordance with the petition if not objected to, was to dispense with the necessity for inquiry by the Council into the titles of alleged owners and into the authority of those pretending to sign for them, as well as to give notice to all parties interested to come forward with any objections which they might have, whether to said petition or to the paving; and if the latter choose to remain silent until the contract is let and the work begun, they cannot thereafter be heard to complain; nor can those who hold under them.

Appeal from the Civil District Court, Parish of Orleans, Division "C," No. 99,586. Hon. E. K. Skinner, Judge.

Geo. W. Flynn, for plaintiff and appellee.

F. Rivers Richardson, for defendant and appellant.

J. L. Bradford, for warrantor and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court as follows:

Plaintiff sue as assignees of a paving claim, and defendant urges various grounds why he should not be held liable.

He objects that there is no proof of any assignment to plaintiffs: but the assignment was offered without other objection than to the "form" thereof, an objection not well founded.

His objection that there is no such officer known to the law as an "Acting Commissioner of Public Works," is answered by Sections 24 and 25 of Act No. 45 of 1896.

He further urges that he purchased the property under certificates showing that it was clear of all incumbrances, and he complains that there was nothing on the public records to warn him that preliminary steps had already been taken by the City Council to provide for the paving of the street.

There is no merit in the contention. The obligation to record a lien arises only from the time the lien itself comes into existence, and no lien or claim for paving a street exists until the work be finished and accepted, and a certificate be issued therefor. **La. Improvement Co. vs. Macheca, 3 Orleans C. A., 71, 75.** The matter is one of warranty, and is covered by the judgment appealed from.

It is further urged that the petition of property holders asking that the street be paved did not contain the requisite number of signatures (52%) because the petition was signed by agents without the authority from the owners, to-wit, by persons acting for corporations without the sanction of the directors.

But there is evidence in the record showing that the petition when presented to the council was advertised as required by law. (Act 59 of 1908, Sec. 97.)

And it is our conclusion that the very object of the law in requiring such advertisement, and in making it **mandatory** on the City Council to act in accordance with the petition, if not objected to, was precisely to dispose with the necessity for inquiry by the council into the titles of alleged owners and into the authority of those pretending to act for them, as well as to give notice to all persons interested to come forward with any objections which they might have, whether to said petition or to the paving; and if the latter choose to remain silent until the contract has been let and the work begun, they cannot thereafter be heard to complain: nor can those who hold under them.

The judgment appealed from allows plaintiffs $1.50, cost of recording the lien. We know of no law authorizing this charge nor has any been called to our attention. It will not be allowed.

The judgment as rendered is one **in personam** against defendant: it should have been one **in rem** only.

This can be corrected by limiting its execution to the property subject to the lien.

It is therefore ordered that the judgment appealed from be amended by striking therefrom the charge of one 50/100 dollars, cost of recording lien, and by adding thereto that execution shall issue only as to and against the property subject to the paving lien, and as thus amended the judgment is affirmed, plaintiffs (appellees) to pay costs of appeal.

Opinion and decree, April 21st, 1913.

No. 5764.

EGAN BROTHERS vs. F. RIVERS RICHARDSON.

On Application For Rehearing.

Per Curiam:

We observe that the language of our opinion, holding that "no lien or claim for street paving exists until the work be finished and accepted and a certificate be issued therefor," conflicts with a prior decision of this Court in **Louisiana Improvement Co. vs. Macheca, 3 Court of Appeal 71, 77,** holding that "the claim of the paving contractor, though enforceable only upon registry, was still a complete burden on the property, operating as a lien thereon from the instant the contract between the city and the contractor was perfected."

And accordingly the language of the opinion in this case is modified to accord with the former opinion.

On the other hand it was also held in that case that it sufficed in order to preserve such lien that it should be registered "in the manner and within the time prescribed by law" (Const., 1898), i. e., within 60 days after the paving certificate be issued (Act 59 of 1908, p. 74). See page 74 of the opinion.

And this was summarized as establishing that "where property is sold after contract for paving is perfected but prior to the registry of the certificate * * * the vendee escapes the charge resting on the property, and his vendor must protect him under the warranty clause of the act of sale." See page 75 of the opinion; and see, also, **Barber Asphalt Paving Co. vs. Standard Brewing Co., 7 Court of App., 376.**

Hence this modification of our opinion in no way affects but on the contrary, fully warrants, the proposition which we sought to establish, to-wit, that the paving con-

— 197 —

tractor's right of action was not affected by the fact that nothing had been registered against the property until after the certificate issued and that it is only a matter of warranty between vendor and vendee.

We make this modification on our own initiative, and for the purpose of preserving uniformity in our decisions.

The applications for rehearing are on other grounds, fully considered in our opinion, to which we adhere in all respects except as above.

Both applications for rehearing are refused.

Opinion and decree, May 19th, 1913.

Writ denied, July 1st, 1913.